UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20223-BLOOM/Otazo-Reyes

THORE HOLM HANSEN,

    Plaintiff,

v.

UNITED STATES CUSTOMS AND IMMIGARATION SERVICES,

    Defendant.
_____/

**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** is before the Court upon Plaintiff Thore Holm Hansen's ("Plaintiff") Motion for Leave to Proceed in this action *in forma pauperis*, ECF No. [3] (the "IFP Motion"), filed on January 18, 2023. The Court has carefully considered the IFP Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Complaint is dismissed and his IFP Motion is denied as moot.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person

is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed IFP).

Further, 28 U.S.C. § 1915(e)(2) states in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)(B)(i), a complaint may be dismissed if the court determines that the action is frivolous. "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal citation and quotation marks omitted). Further, under section 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

Case No. 23-cv-20223-BLOOM/Otazo-Reyes

*Atl. Corp.*, 550 U.S. at 555 (citations omitted). The plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

In this case, Plaintiff has failed to state a claim on which relief may be granted. Plaintiff requests the Court "issue an Order to Show Cause why the [United States Customs and Immigrations Services ("USCIS")] should not vacate their faulty removal of him on February 14, 1979, and that they issue him a US passport in order that he can finally rejoin his four US born children, ten grandchildren and three great grandchildren…" ECF No. [1] at 18. Plaintiff alleges that he has submitted three separate motions for a new hearing under I-290B but that USCIS does not admit to having received them. *Id*. at 17. Plaintiff has not attached a copy of the 1979 removal decision and the Court is therefore without knowledge that there exists a final, appealable decision. It does not appear that there has ever been a final decision by USCIS on Plaintiff's claims for citizenship raised in this Complaint.

Case No. 23-cv-20223-BLOOM/Otazo-Reyes

In order to bring suit under the APA, plaintiffs must demonstrate that the decision at issue was 'final agency action.'" *Canal A Media Holding, LLC v. United States Citizenship & Immigration Services*, 964 F.3d 1250, 1255 (11th Cir. 2020) (quoting 5 U.S.C. § 704).

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decision making process,—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted). Federal jurisdiction is "lacking when the administrative action in question is not 'final within the meaning of 5 U.S.C. § 704." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003).

Here, like in his previously filed case in this district, Plaintiff fails to sufficiently allege jurisdiction or to state a claim upon which the requested relief may be granted. *See Hansen v. United States Citizen and Immigration Services*, No. 22-cv-23045 (S.D. Fla. Dec. 14, 2022). Plaintiff refers to his 1979 removal proceedings and alleges that he has not been given a hearing by the USCIS for the claims he brings here. *See* ECF No. [1] at 17. Plaintiff must properly demonstrate a final agency action by the USCIS before bringing his claims in district court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk shall **CLOSE** the case.
4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

Case No. 23-cv-20223-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Thor Holm Hansen
Skafsaavegen 754
3880 Dalen
Norway
PRO SE